UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
PATRICK MORIN and JOSEPH OLIVIERI, as
Trustees of the EMPIRE STATE CARPENTERS
WELFARE, PENSION, VACATION, ANNUITY,
SCHOLARSHIP, APPRENTICE-TRAINING,
LABOR-MANAGEMENT COOPERATION, and
CHARITABLE TRUST FUNDS,

                            Plaintiffs,                        REPORT AND
                                                                     RECOMMENDATION
   -against-
                                                                     CV 09-814 (ADS) (ETB)

PLS CONSTRUCTION SERVICES, LLC and
PETER L. SMITH,

                            Defendants.
----------------------------------------------------------------------x

TO THE HONORABLE ARTHUR D. SPATT, United States District Judge:

      The plaintiffs, the Trustees ("plaintiffs" or "the Trustees") of seven employee benefit funds (the "Funds"), brought this action against the defendants, PLS Construction Services, LLC ("PLS") and its principal, Peter L. Smith ("Smith") (collectively "defendants"), pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132. Plaintiffs seek to recover unpaid employee benefit contributions that PLS was obligated to pay under the terms of its collective bargaining agreement with the Union, as well as interest, liquidated damages, and reasonable attorney's fees and costs, pursuant to ERISA.

## FACTS

      Plaintiffs commenced this action on February 26, 2009. Defendants failed to answer or

otherwise appear in this action. On May 29, 2010, Judge Spatt entered a default judgment against the defendants and referred the action to the undersigned for a Report and Recommendation with respect to the amount of damages that plaintiffs should be awarded, including reasonable attorney's fees. An inquest on damages was held before the undersigned on December 7, 2010. Neither PLS nor Smith appeared at the inquest.

Nathan Bradley, the Collections and Contributions Coordinator for the Funds, testified at the inquest on behalf of plaintiffs. Mr. Bradley testified that based on his review of the remittance reports submitted by PLS to the Funds, PLS failed to make the required employee benefit contributions for the period November 2007 through April 2008. (Tr. 5.) According to Mr. Bradley, the amount of contributions due and owing by PLS is $63,485.09, plus interest, liquidated damage and attorney's fees and costs. (Tr. 5-6.)

## DISCUSSION

I.  Legal Standard

When a party fails to appear or defend an action by an adverse party, a default may be entered against the non-moving party. See Fed. R. Civ. P. 55. After entry of the default, "a defendant is deemed to have admitted all of the well-pleaded allegations raised in the complaint pertaining to liability." Time Warner Cable of N.Y. v. Rivera, No. 99-2339, 1995 WL 362429, at *2 (E.D.N.Y. June 8, 1995); see also Time Warner Cable of N.Y. v. Barbosa, No. 98-3522, 2001 WL 118606, at *5 (S.D.N.Y. Jan. 2, 2001) (quoting Transworld Airlines, Inc. v. Hughes, 449 F.2d 51, 63 (2d Cir. 1971)). Damages, however, must be proven, usually "at an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed."

Rivera, 1995 WL 362429, at *2 (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1993)).  Plaintiffs are "entitled to all reasonable inferences from the evidence [they] offer[]." Cablevision Sys. New York City Corp. v. Lokshin, 980 F. Supp. 107, 112 (E.D.N.Y. 1997) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)).

II.     ERISA

ERISA requires every employer who enters into a collective bargaining agreement to make those contributions "in accordance with the terms and conditions of such plan or such agreement."  29 U.S.C. § 1145.  Thus, in deciding upon damages in a case under ERISA, the Court must look to the agreement between the parties.  To ensure that employers will make their contributions in a timely manner, Section 1132(g)(2) of ERISA provides for additional monies to be paid by delinquent employers.  See 29 U.S.C. § 1132(g)(2); Iron Workers Dist. Council v. Hudson Steel Fabricators & Erectors, 68 F.3d 1502, 1506 (2d Cir. 1995).  Section 1132(g)(2) of ERISA provides, in pertinent part, that:

> In any action . . . by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan - (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of - (i) interest on the unpaid contributions, or (ii) liquidated damages provided under the plan not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action, to be paid by the defendant.

29 U.S.C. § 1132(g)(2).

III.     Damages

   A.     Unpaid Contributions

   Based on the testimony and the documentary evidence offered by plaintiffs at the inquest held on December 7, 2010, the undersigned recommends that damages be awarded in the amount of $63,485.09. (Tr. 5; Pl. Statement of Damages 3 and Ex. B, annexed thereto.) This amount reflects unpaid contributions owed to the Funds for the period November 2007 through April 2008. (Pl. Statement of Damages, Ex. B.)

   B.     Interest

   Pursuant to Section 502(g) of ERISA, plaintiffs are entitled to interest on the unpaid contributions. See 29 U.S.C. § 1132(g)(2)(B). Plaintiffs seek interest from the date the contributions were due to the Funds through the date of judgment herein, at the prime rate of 3.25% per annum, which equates to 0.27% interest per month, compounded. (Tr. 5-6.) As of the date of Plaintiff's Statement of Damages - November 24, 2010 - the interest due and owing amounts to $5,909.08. (Tr. 6; Pl. Statement of Damages 3-4 and Ex. B.) During the inquest, plaintiffs were directed to submit a supplemental filing containing a per diem interest calculation but have failed to do so. Accordingly, I recommend that plaintiffs be awarded interest through November 24, 2010 in the amount of $5,909.08, plus additional interest through the date of judgment entered herein, to be calculated at a rate of 3.25% per annum, or 0.27% per month, compounded.

   C.     Liquidated Damages

   ERISA provides that the plaintiffs are entitled to liquidated damages in the amount of twenty percent (20%) of the unpaid contributions. See 29 U.S.C. § 1132(g)(2)(C).

Such liquidated damages amount to $12,697.02. (Tr. 5; Pl. Statement of Damages 4 and Ex. B.) Accordingly, I recommend that plaintiffs be awarded liquidated damages in the amount of $12,697.02.

    D.    <u>Post-Judgment Interest</u>

28 U.S.C. § 1961 states that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). The very language of 28 U.S.C. § 1961 ensures that an award of post-judgment interest is mandatory in any civil case where money damages are recovered. <u>See</u> 28 U.S.C. § 1961(a) (stating that "[i]nterest *shall* be allowed") (emphasis added); <u>see also</u> <u>Lewis v. Whelan</u>, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered."). "Such interest shall be calculated from the date of entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). This interest is to be "computed daily to the date of payment." <u>Id.</u> § 1961(b).

Accordingly, I recommend that plaintiffs be awarded post-judgment interest on their monetary award, to be calculated pursuant to 28 U.S.C. § 1961.

    E.    <u>Attorney's Fees</u>

Section 502(g) of ERISA permits plaintiffs to recover their reasonable attorney's fees and costs. <u>See</u> 29 U.S.C. § 1132(g)(2)(D). Attorney's fees should be "documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." <u>Kirsch v. Fleet St., Ltd.</u>, 148 F.3d 149, 172 (2d Cir.

1998). Here, plaintiffs' counsel provided records of the date, time spent, and the nature of the work performed by each person who worked on the case. (Pl. Statement of Damages Ex. C-D.) The Court has reviewed these statements and finds the time spent and the fees charged to be reasonable. Accordingly, I recommend that attorney's fees be awarded in the amount requested of $7,534.00.[1]

F. Costs

As stated above, ERISA permits the recovery of plaintiffs' reasonable costs as well. See 29 U.S.C. § 1132(g)(2)(C). Plaintiffs' attorney time records include a breakdown of the expenses incurred herein, which amount to $679.87. (Pl. Statement of Damages Ex. C and D.) The costs incurred are as follows: (1) $350 in filing fees; (2) $315 in process server fees; (3) $6.60 in photocopies; (4) $4.14 in postage; and (5) $4.13 in long-distance telephone calls, all of which I find reasonable. Accordingly, I recommend that plaintiffs be awarded costs in the amount of $679.87.

RECOMMENDATION

For the foregoing reasons, and based on the evidence submitted, I recommend that plaintiffs be awarded damages as follows: (1) unpaid contributions in the amount of $63,485.09; (2) interest through November 24, 2010 in the amount of $5,909.08, plus additional interest through the date of judgment entered herein, to be calculated at a rate of 3.25% per annum, or

---

[1] The Court notes that plaintiffs' counsel was afforded the opportunity at the inquest before the undersigned to file a supplemental attorney's fees submission to include those fees incurred in connection with the inquest. More than one month has passed since the inquest was held and plaintiffs have failed to submit any such supplemental filing.

0.27% monthly, compounded; (3) liquidated damages in the amount of $12,697.02; (4) post-judgment interest, to be calculated pursuant to 28 U.S.C. § 1961; (5) attorney's fees in the amount of $7,534.00 and, (6) costs in the amount of $679.87. Thus, the sum total of the recommended judgment is $90,305.06, plus additional interest through the date of judgment herein, as set forth above, and post-judgment interest, pursuant to 28 U.S.C. § 1961.

<u>OBJECTIONS TO THIS REPORT AND RECOMMENDATION</u>

Any written objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Failure to file objections within fourteen (14) days will preclude further appellate review. <u>Thomas v. Arn</u>, 474 U.S. 140, 145 (1985); <u>IUE AFL-CIO Pension Fund v. Herrmann</u>, 9 F.3d 1049, 1054 (2d Cir. 1993); <u>Frank v. Johnson</u>, 968 F.2d 298, 299-300 (2d Cir. 1992).

Plaintiffs' counsel is directed to serve a copy of this report on all parties upon receipt.

**SO ORDERED:**

Dated: Central Islip, New York
       January 13, 2011

                                       <u>/s/ E. Thomas Boyle</u>
                                       E. THOMAS BOYLE
                                       United States Magistrate Judge